COWART, Judge,
dissenting:
After holding that incarceration imposed as a condition of probation or as part of a split sentence is invalid where it equals or exceeds one year and making that holding retroactive, the court in Villery states that one who is under such an order “upon application ” is entitled to have the illegal order corrected. The court further said, “In correcting the order, the trial court has the option either of modifying the order to make it legal or of withdrawing it and imposing a sentence of imprisonment.” It went on to say that, unless a condition of probation was determined to have been violated, the trial court could not “impose a sentence of imprisonment for a period of time in excess of the original total term of probation.” This clearly infers that, even where a condition of probation has not been violated, the trial court can, in correcting a sentence made illegal by Villery, impose a sentence of imprisonment for a period of time not in excess of the original total term of probation.
*434 Villery, in prison on a split sentence, sought a writ of mandamus to compel the Florida Parole and Probation Commission to determine her eligibility for parole. The Florida Supreme Court held that its construction of split sentencing under section 948.01(4), Florida Statutes, and incarceration as a condition of probation under section 948.03(2), Florida Statutes, disposed of the issue and denied the writ of mandamus. Therefore, even Villery’s sentence was not vacated in the appellate court and she was required to initiate the resentencing process by “making application” by petition or motion to the trial court.
As I understand the above quotes from Villery, if a defendant has heretofore been convicted and was given probation for a long period of time with a condition of confinement for one year or more, or a split sentence with confinement for one year or more plus a long period of probation, the sentence is illegal and, upon application for correction, the sentence can be modified by imposing a sentence of confinement that can exceed the original period of confinement and is limited only to the maximum legal sentence provided by law or the originally imposed period of probation, whichever is less.
Split sentencing with confinement in prison for a period in excess of one year has been common in Florida since it was authorized by Ch. 74-112, Laws of Florida (1974), effective July 1, 1974. These split sentences were not contrary to law when imposed and are made “illegal” only by court mandate applied retroactively. Lauxman is typical of how the Villery case is being urged in the appellate courts. Lauxman appealed January 4, 1980, and his initial brief related only to a suppression matter and raised no question relating to the legality of his sentence. After the original Vil-lery opinion was issued October 30,1980, his appellate counsel filed a notice that Laux-man’s sentence appeared to be illegal under Villery. My difference with the majority opinion arises from my concern with the implementation of Villery. As a practical matter it is obvious that, as is common, this question has been raised for the first time on appeal by an alert appellate defense counsel acting on his own initiative and that no trial counsel has discussed with Lauxman the advantages and disadvantages of making an application to have his “illegal” sentence “corrected” by the trial court. In making that, decision there are many factors that should be considered, some of them requiring the expertise of competent counsel experienced in appraising the possible result of being exposed to a longer sentence of confinement than was originally imposed.
It might be difficult for trial counsel to explain to Lauxman how, because his appellate counsel too quickly urged, and the appellate court too eagerly embraced, Villery, Lauxman’s illegal “sentence” to five years on probation with the provision that he spend weekends in jail has been reversed on appeal and that he now faces five straight years in prison. I can understand why such a defendant may prefer “illegal” probation to perfectly legal confinement in prison.
Also, there are substantial constitutional questions raised by a procedure that, after sentencing, subjects an accused to the jeopardy of an increased punishment. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); Ex parte Lange, 18 Wall. 163, 173, 85 U.S. 163, 173, 21 L.Ed. 872, 878 (1874).
Appeals are for the purpose of reviewing rulings of trial courts. Consequently, applications for judicial relief should always first be presented to trial courts. Rules of procedure adequately provide for original application in trial courts to review allegedly illegal sentences.[1] It is both the right and the duty of the trial court to first consider such matters. While it is true that the questioned sentence was imposed in the trial court, it was not contrary to law when imposed and the trial court has never had *435 an opportunity to consider a proper sentence for Lauxman in light of the new restrictions imposed by Villery and has not yet denied appellant redress under the rules provided for relief from improper sentences.
For these reasons, I believe application for relief under Villery should not be initiated in the appellate court, but only in the trial court at the specific behest of the defendant. There a defendant can be properly advised, make an informed decision as to his application for relief and by his personal application perhaps waive the constitutional double jeopardy question. After relief is denied in the trial court will be soon enough for review on appeal. I would affirm Lauxman’s adjudication of guilt without prejudice to his right to make application to the trial court for relief from his sentence.

. See Fla.R.Crim.P. 3.800(a) and 3.850. Some Villery questions are reaching the appellate court by this route. See, e. g., Alexander v. State, 399 So.2d 424 (Fla. 5th DCA 1981); Baley v. State, 396 So.2d 810 (Fla. 5th DCA 1981).